UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

-v-

FRANCISCO SANTIBANEZ,

                Defendant.

No. 13-cr-912 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    The Court is in receipt of Defendant's *pro se* letter dated December 3, 2019, which was addressed to the Clerk's Office but received in Chambers on December 19, 2019, purporting to "authorize" Fortino Diaz "to respond to the Court's rulings and the Government's arguments only for this case." (Doc. No. 79.) The Court construes this as a request to have Mr. Diaz, who appears to be a nonlawyer, represent Defendant in this matter. The Court notes that there are currently no other pending motions in this matter, and reiterates that Defendant, who pleaded guilty to participating in a narcotics conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), waived his right to appeal his sentence because (1) he agreed not to appeal or otherwise challenge a sentence of less than 168 months' imprisonment (*see* Doc. No. 68 at 35) and (2) the Court imposed a sentence of 156 months (*see* Doc. No. 67).

    Although Mr. Diaz is certainly free to assist Defendant in preparing certain petitions to the Court, *see Johnson v. Avery*, 393 U.S. 483, 485 (1969), Mr. Diaz may not actually represent Defendant, *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("[A]n individual may not be represented in court by another person who is not an

attorney."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[P]ro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court.").

Accordingly, IT IS HEREBY ORDERED THAT Defendant's request that Mr. Diaz represent him in this matter is DENIED. The Court further reiterates that, as stated in its October 29, 2019 Order (Doc. No. 78), any submissions advancing issues previously raised in Defendant's motions dated July 19, 2019 (Doc. No. 72), August 16, 2019 (Doc. No. 74), September 10, 2019 (Doc. No. 76), and October 19, 2019 (Doc. No. 77) will not be docketed and will be returned to Defendant. The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: December 27, 2019
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation