UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

-v-

FRANCISCO SANTIBANEZ,

                Defendant.

No. 13-cr-912 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    The Court is in receipt of the two attached letters from Defendant, dated December 29, 2019 and January 1, 2020, but received in Chambers on January 13, 2020. The first letter states that it is a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure "to correct the final judgment's aggregation of the substantive offenses under the United States Sentencing Guidelines." The second letter requests "the Court . . . assign legal representation pursuant to the Sixth Amendment" to assist Defendant in his "motion under 28 USC § 60(b)(4)," which the Court interprets to mean Petitioner's aforementioned request under Rule 60(b)(4).

    As to the first letter, Defendant may not bring a motion under Federal Rule of Civil Procedure Rule 60(b)(4) because the Rules of Civil Procedure do not govern Defendant's criminal case. Moreover, Petitioner's argument has no merit. Contrary to Defendant's assertions, the Court's basis for jurisdiction in this matter was not the United States Sentencing Guidelines but rather – as stated in the Court's July 23, 2019 Order (Doc. No. 73) – 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The Court has repeatedly rejected Defendant's meritless challenges to the Court's jurisdiction. (*See* Doc. Nos. 72–78.) As the Court noted in its October 29, 2019 Order, further submissions raising the identical issues raised in Defendant's letters

will not be docketed and will be returned to Defendant. (Doc. No. 78.) The Court has since returned three such letters to Defendant, and will continue to do so moving forward.

As to the second letter, there is simply no constitutional basis to appoint Defendant counsel. Defendant waived his right to appeal, he has never filed a habeas petition pursuant to 28 U.S.C. § 2255, and there are no other valid pending motions in this matter. (Doc. Nos. 67, 68.) *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. . . . [A] defendant has no federal constitutional right to counsel when . . . attacking a conviction that has long since become final upon exhaustion of the appellate process."); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (holding that the right to counsel exists only for the first appeal as of right).

Accordingly, Defendant's motion under Rule 60(b)(4) and his request for counsel are DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated:    January 30, 2020
             New York, New York

                                                  RICHARD J. SULLIVAN
                                                UNITED STATES CIRCUIT JUDGE
                                                Sitting by Designation

```
Francisco Santibanez
67311-112
Federal Prison Camp
3705 W. Farm Rd.
Lompoc, CA 93436
```

UNITED STATES DISTRICT COURT
Southern District Of New York

---

| | |
|---|---|
| FRANCISCO SANTIBANEZ, | Case No. 13-CR-912-RJS |
| | -CV- |
| v | |
| | Motion For This Court To |
| | Correct Judgment Lacking |
| UNITED STATES. | Jurisdiction Pursuant To |
| | Rule 60(b)(4) Of The Fed. |
| | R. Civ. P. |

---

Comes Francisco SAntibanez ("Francisco") in pro se moving the Court pursuant to Rule 60(b)(4) of the Fed. R. Civ. P. to correct the final judgment's aggregation of the substantive offenses under United States Sentencing Guidelines (USSG). Since the Guidelines were severed from their mandatory status, they have become merely advisory and they provide no authority for the Court to act. Title 18 USC § 3553(b)(1) (evidence of the laws of the United States). See United States V Booker, 543 U.S. 220 (2005).

JURISDICTION

At this stage, the Court has jurisdiction to review the case under Rule 60(b)(4), the appropriate vehicle, to correct the void judgment that accepted the USSG as its subject matter jurisdiction to aggregate the substantive offenses and to enlarge the offense level from 36 to 38.

LAW

The Guidelines were enacted in 1984 to replace parole and were made mandatory on the courts pursuant to 18 USC § 3553(b)(1). The Supreme Court, under Booker, supra, held:"The Sixth Amendment jury trial right held to apply to the Federal Sentencing Guidelines;

1

Guidelines made effectively advisory by severance of statutory provisions concerning mandatory applicability;..." After Booker, supra, the Guidelines were removed from being mandatory on the courts. In this case, the Government used the November 1, 2013 Guidelines manual.

Moreover, the federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute; and, the court's jurisdiction can not be expanded by judicial decree. Kokkonen V Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

FACTS

Francisco was indicted on January 14, 2014 on a one count indictment containing three substantive offenses. The agreement contained the Government's determination of the drugs distributed, the marijuana equivalences, and the offense levels. For cocaine, the distribution was 48 kilograms, the marijuana equivalence was 9,600 kilograms, and the offense level was 34; for heroin, the distribution was 8 kilograms, the marijuana equivalence was 8,000 kilograms, and the offense level was 34; for methamphetamine, the distribution was 9.5 kilograms, the marijuana equivalence was 19,000 kilograms, and the offense level was 36.

The government, in the agreement, cited the USSG §§ 2D1.1 (a)(5) and 2D1.1(c)(1) as the authority that provided the Court jurisdiction for the substantive offenses to be aggregated to justify a base offense level of 38.

Moreover, Francisco acceptance of responsibility lowered the offense level by 3 levels for a base offense level of 35. At sentencing, Court lowered the offense level 2 points to 18 USC § 3582(c) for an offense level of 33.

ARGUMENT

The Government knew or should have known that the Guidelines

were merely to guide the exercise of the Court's discretion in choosing an appropriate sentence within a statutory range and give no authority for the Court to Act.

The Government erred in citing the Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(1) as the Court's jurisdiction to aggregate the offenses' quantities of narcotics equivalences, under the Guidelines, to a quantity of marijuana that is greater than 30,000 kilograms for a base offense level of 38. The judgment on this part is without jurisdiction and void to need correction.

Since the Guidelines are only advisory for the Court's determination of a sentence within a statutory range, they can not fix a punishment and it is the justification for this contention. The offense level of 38 is based on the Guidelines and outside the Court's jurisdiction to need correction.

SUMMARY

The contention is solely to the aggregation of the offenses that enlarged the offense level by two points when the Court lacked jurisdiction. The Government who provides the Court's jurisdiction to act erred in citing the Guidelines as the Court's jurisdiction.

CONCLUSION

The sentence needs to be to an offense level of 31 with the Court's discretion between 108 to 135 months justified to Title 18 USC § 3553(a)(2).

The motion is submitted under 28 USC § 1746 on December 29, 2019.

*Francisco Santibanez*
FRANCISCO SANTIBANEZ

Francisco Santibanez
67311-112
Federal Prison Camp
3705 W. Farm Rd.
Lompoc, CA 93436

UNITED STATES DISTRICT COURT
Southern District Of New York

---

FRANCISCO SANTIBANEZ,

V

UNITED STATES

Case No. 13-CR-912-RSJ

Assignment Of Counsel
For Criminal Representation

---

Comes Francisco Santibanez (Francisco") in pro se in receipt of Court's order dated December 27, 2019 denying the contract to assist Francisco to contest whether the Court had subject matter jurisdiction. For this reason, Francisco request the Court to assign legal representation pursuant to the Sixth Amendment for the criminal matter of the Court's jurisdiction.

First and foremost, Francisco is unable to read or write in Spanish. In English, Francisco can not read, write, or speak the language. It is essential that Francisco receive legal assistance. If the Court is denying pro se legal assistance; then, the Court is being requested to assign legal representation.

Moreover, Francisco's assistance is solely on the family's generosity and no guarantee that the assistance will continue, and no family member has stepped forward with $30,000 to $50,000 for an attorney to represent in the jurisdictional concern.

Francisco has submitted a motion under 28 USC § 60(b)(4) to argue that the Court lacked jurisdiction to run the Count 1's Substantive offenses consecutively to reach an offense level 38. This motion is for the Court to have notice that a judgment was rendered without jurisdiction. Sua Sponte, the Court is obligated to review the claim and correct the error if it exists.

Francisco is in complete agreement with the plea, and this is not an appeal. Within the plea agreement, Francisco is authorized to challenge a judgment that is not within the Court's authority. Francisco is being consistent with the plea agreement and this should not be an issue of concern.

Because of Francisco's dilemma, the Court should rescind its order and allow Francisco to receive pro se assistance or assign legal representation for this criminal matter.

The motion is filed to 28 USC § 1746 on the first of January of 2020.

*Francisco Santibañez*
FRANCISCO SANTIBANEZ